1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

9  JAMES LEWIS ATKINS, JR.,
   #1031289,
10                                                    2:09-cv-02348-RLH-LRL
          *Plaintiff,*
11                                                    ORDER
   vs.
12
13  LAKES CROSSING CENTER, *et al.,*
14        *Defendant*s.

15

16        This prisoner civil rights action comes before the Court on plaintiff's filings docketed

17  as applications (## 1 & 5) to proceed *in forma pauperis* as well as for initial review under 28

18  U.S.C. § 1915A.

19        Following review of the materials collectively presented in ## 1 and 5, the Court finds

20  that plaintiff is unable to pay a significant initial partial filing fee toward the full filing fee of

21  three hundred fifty dollars ($350.00), pursuant to 28 U.S.C. § 1915(b)(1).  The applications

22  to proceed *in forma pauperis* therefore will be granted, subject to the remaining provisions in

23  this order.[1]

24

25

26        [1]The Court notes that plaintiff has incurred three "strikes" for purposes of 28 U.S.C. § 1915(g)
   because three prior actions filed by plaintiff while incarcerated have been dismissed for failure to state a claim
27  upon which relief may be granted.  See 2:09-cv-01291-PMP-GWF; 2:09-cv-01295-JCM-LRL; 2:09-cv-01303-
   KJD-LRL.  While the cases were filed prior to this case, the dismissals occurred after plaintiff initially sought
28  pauper status in this case.  The Court accordingly has assumed, *arguendo*, that Section 1915(g) does not
   preclude plaintiff from proceeding *in forma pauperis* in the present matter.

1    Turning to initial review, when a "prisoner seeks redress from a governmental entity

2  or officer or employee of a governmental entity," the court must "identify cognizable claims

3  or dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous,

4  malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary

5  relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b).

6    In considering whether the plaintiff has stated a claim upon which relief can be granted,

7  all material factual allegations in the complaint are accepted as true for purposes of initial

8  review and are to be construed in the light most favorable to the plaintiff.  *See,e.g., Russell*

9  *v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980).  However, mere legal conclusions

10  unsupported by any actual allegations of fact are not assumed to be true in reviewing the

11  complaint. *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1949-51 & 1954, 173 L.Ed.2d 868

12  (2009).  That is, bare, naked and conclusory assertions that merely constitute formulaic

13  recitations of the elements of a cause of action and that are devoid of further factual

14  enhancement are not accepted as true and do not state a claim for relief.  *Id.*

15    Allegations of a *pro se* complainant are held to less stringent standards than formal

16  pleadings drafted by lawyers.  *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 596, 30

17  L.Ed.2d 652 (1972).

18    In the complaint, plaintiff James Lewis Atkins, Jr., seeks to assert claims for injunctive

19  and declaratory relief as well as for monetary damages against Lakes Crossing Center

20  ("Lakes Crossing") and the State of Nevada arising out of his commitment to Lakes Crossing

21  for a competency evaluation in September and October 2008 in connection with a state

22  criminal proceeding.

23    Plaintiff's claims against the State of Nevada are barred by the state sovereign

24  immunity recognized by the Eleventh Amendment.  *See,e.g.*, *Taylor v. List*, 880 F.2d 1040,

25  1045 (9th Cir. 1989).  State sovereign immunity bars suit in federal court against a State

26  regardless of the relief sought.  *See,e.g., Pennhurst State School & Hospital v. Halderman,*

27  the 465 U.S. 89, 100-01, 104 S.Ct. 900, 908, 79 L.Ed.2d 67 (1984). State sovereign immunity

28  limits the jurisdiction of the federal courts and can be raised at any time during the judicial

1   proceedings either by the parties or by the court *sua sponte*.  *In re Jackson*, 184 F.3d 1046,

2   1048 (9th Cir. 1999).  The complaint accordingly fails to present a viable claim against the

3   State of Nevada that is within the jurisdiction of the Court.

4         The complaint further fails to present a viable claim against the remaining defendant

5   named, Lakes Crossing.  Plaintiff can sue a natural person or a juridical person such as a

6   corporation or a municipality.  He may not sue, however, a building or a facility, which is not

7   a juridical person subject to suit.

8         Even if the Court were to assume, *arguendo*, that Lakes Crossing were a juridical

9   person subject to suit, any claim against Lakes Crossing also would be barred by state

10  sovereign immunity pursuant to the Eleventh Amendment.  State sovereign immunity extends

11  to an arm of the State.  *See,e.g.*, *Taylor, supra*.

12        The Ninth Circuit employs a five-factor test to determine whether an entity is an arm

13  of the state, looking to: (1) whether a money judgment would be satisfied out of state funds,

14  (2) whether the entity performs central governmental functions, (3) whether the entity may sue

15  or be sued, (4) whether the entity has the power to take property in its own name or in the

16  name only of the state, and (5) the corporate status of the entity.  *See,e.g., Beentjes v. Placer*

17  *County Air Pollution Control District*, 397 F.3d 775, 777-78 (9th Cir. 2005).  These factors are

18  examined in light of the way that state law treats the governmental entity.  397 F.3d at 778.

19        Under Nevada state law, Lakes Crossing is "a secure facility of the Division of Mental

20  Health and Developmental Services of the Department of Health and Human Services for

21  offenders and defendants with mental disorders."  N.R.S. 175.539(5)(b); *see also* N.R.S.

22  433.233(1)(d).  Nevada state criminal defendants are sent to Lakes Crossing for, *inter alia*,

23  assessment of their competency to assist in their defense if competency is at issue and also

24  under N.R.S. 175.539 for an assessment if they are acquitted on a defense of insanity.

25        With regard to the first of the foregoing five factors, it appears that any claim or money

26  judgment directed at Lakes Crossing would be paid from the State General Fund. See N.R.S.

27  433.174.  This factor strongly weighs in support of a conclusion that Lakes Crossing, if

28  *arguendo* a juridical person in the first instance, is an arm of the state for purposes of state

1   sovereign immunity.  *See,e.g., Regents of the University of California v. Doe*, 519 U.S. 425,

2   429-31, 117 S.Ct. 900, 903-05, 137 L.Ed.2d 55 (1997); *Beentjes*, 397 F.3d at 778 ("the

3   predominant factor").

4        On the second factor, of whether the entity performs a central government function,

5   the court considers whether the entity addresses a matter of statewide rather than local or

6   municipal concern and the extent to which the state exercises centralized governmental

7   control over the entity. *Beentjes*, 397 F.3d at 782.  Lakes Crossing performs its functions with

8   regard to defendants statewide rather than with regard to a particular geographical or political

9   subdivision within the state, and the facility is run by a statewide division of a major state

10  department.  This factor thus also weighs in favor of a conclusion that Lakes Crossing, if

11  *arguendo* a juridical person, constitutes an arm of the state.

12       On the third factor, it does not appear that Nevada statutory law provides Lakes

13  Crossing with the power to sue and be sued.  This factor thus also weighs in favor of a

14  conclusion that Lakes Crossing, if *arguendo* a juridical person, constitutes an arm of the state.

15  *See Beentjes*, 397 F.3d at 784.

16       The fourth factor is directed to whether the entity has the power to take property in its

17  own name or in the name only of the state.  It does not appear that Lakes Crossing – as

18  distinct from its governing state division and department – has been authorized to

19  independently accept and hold property in its own name.  This factor thus weighs in favor of

20  a conclusion that the facility would be an arm of the state.  *See Beentjes*, 397 F.3d at 784-85.

21       On the fifth factor, it does not appear that Lakes Crossing has been given independent

22  corporate status under Nevada law.  The facility, again, is run by a statewide division of a

23  major state department.  This factor, too thus weighs in favor of a conclusion that Lakes

24  Crossing would be an arm of the state.  *See Beentjes*, 397 F.3d at 784-85.

25       The Court accordingly holds that, if *arguendo* a juridical person in the first instance,

26  Lakes Crossing is an arm of the state entitled to state sovereign immunity as recognized by

27  the Eleventh Amendment.  An arm of the state is entitled to state sovereign immunity without

28  regard to the nature of the relief sought.  *See,e.g., Pennhurst, supra.*

1    The claims asserted by plaintiff against the defendants named thus are barred by state

2  sovereign immunity, assuming, *arguendo*, that Lakes Crossing is a juridical person in the first

3  instance, such that the Court does not have jurisdiction over the action.

4    The Court additionally notes that the complaint in any event fails to state a claim upon

5  which relief may be granted.  Plaintiff includes extensive allegations in the nature of the case

6  portion of the complaint form.  This section of the form, however, instead is to be used to

7  briefly summarize – in the space provided – the background of the case.  Specific factual

8  allegations supporting individual counts instead should be stated in each individual count.

9  The individual counts in the complaint in this case fail to state any claim, and it is unclear from

10  the rambling allegations in the nature of the case exactly what specific claims plaintiff is

11  seeking to allege.  The Court further notes that any claims that would necessarily challenge

12  the validity of plaintiff's conviction and sentence would be barred under *Heck v. Humphrey*,

13  512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994).

14    In all events, however, the Court does not have jurisdiction over this action given that

15  any claims asserted against the defendants named are barred by state sovereign immunity,

16  assuming, *arguendo*, that Lakes Crossing is a juridical person in the first instance.

17    The complaint therefore will be dismissed without prejudice for lack of jurisdiction over

18  the subject matter.  The Court will give plaintiff an opportunity to file an amended complaint

19  presenting, if possible, viable claims within the jurisdiction of the Court.

20    IT THEREFORE IS ORDERED that the filings docketed as applications (## 1 & 5) to

21  proceed *in forma pauperis* are GRANTED, subject to the remaining provisions herein.

22  Plaintiff shall not be required to pay an initial partial filing fee.  However, even if this action is

23  dismissed, the full $350.00 filing fee still must be paid pursuant to 28 U.S.C. § 1915(b)(2).

24    IT FURTHER IS ORDERED that the movant herein is permitted to maintain this action

25  to a conclusion without the necessity of prepayment of any additional fees or costs or the

26  giving of security therefor.  This order granting *forma pauperis* status shall not extend to the

27  issuance of subpoenas at government expense.

28    / / / /

1    IT FURTHER IS ORDERED that, pursuant to 28 U.S.C. § 1915(b)(2), the Nevada

2  Department of Corrections shall pay to the Clerk of the United States District Court, District

3  of Nevada, 20% of the preceding month's deposits to plaintiff's account (in the months that

4  the account exceeds $10.00) until the full $350 filing fee has been paid for this action.  The

5  Clerk of the Court shall send a copy of this order to the Finance Division of the Clerk's Office.

6  **The Clerk shall also send a copy of this order to the attention of the Chief of Inmate**

7  **Services for the Nevada Department of Corrections, P.O. Box 7011, Carson City, NV**

8  **89702.**

9    IT FURTHER IS ORDERED that the Clerk of Court shall file the complaint and that the

10  complaint shall be DISMISSED without prejudice for lack of jurisdiction over the subject

11  matter, subject to leave to amend within thirty (30) days of entry of this order to correct the

12  deficiencies in the complaint if possible.

13    IT FURTHER IS ORDERED that, if plaintiff files an amended complaint, he shall clearly

14  title the amended complaint as an amended complaint by placing the word "AMENDED"

15  immediately above "Civil Rights Complaint" on page 1 in the caption and shall place the

16  docket number, 2:09-cv-02348-RLH-LRL, above the word "AMENDED" in the space for "Case

17  No."  Under Local Rule LR 15-1 any amended complaint filed must be complete in itself

18  without reference to prior filings.  Thus, any allegations, parties, or requests for relief from

19  prior papers that are not carried forward in the amended complaint no longer will be before

20  the Court.

21    The Clerk of Court shall provide plaintiff with a copy of the complaint that he submitted

22  together with two copies of a Section 1983 complaint form and one copy of the instructions

23  for same.

24    If an amended complaint is filed in response to this order, the Court will screen the

25  amended pleading before ordering any further action in this case.

26  / / / /

27  / / / /

28  / / / /

1    If plaintiff does not timely mail an amended complaint to the Clerk for filing, or if the

2    amended complaint does not correct the deficiencies identified in this order, a final judgment

3    of dismissal will be entered.

4        DATED:   August 23, 2010.

5

6

7    _____
ROGER L. HUNT

8    Chief United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-7-